UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ROCKY NICKLAS,<br><br>Plaintiff,<br><br>v.<br><br>W. KOKOR and MS. MATA,<br><br>Defendants. | Case No. 1:18-cv-00119-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED PURPOSE LEGAL ASSISTANCE<br><br>(ECF NO. 51) |

Steve Rocky Nicklas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 19, 2019, Plaintiff filed a motion for limited purpose legal assistance. (ECF No. 51). Plaintiff asks for appointment of pro bono counsel to assist Plaintiff during conference calls with Defendants and with the Court. Alternatively, Plaintiff asks the Court to allow inmate Felipe Garcia to assist Plaintiff during conference calls with Defendants and with the Court. (Id.).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

1

490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of limited purpose counsel at this time. Plaintiff's current complaint (which was apparently drafted with the assistance of another inmate) adequately describes the claims Plaintiff is asserting in this case. Moreover, the Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims.

As to Plaintiff's request to have inmate Felipe Garcia present during conference calls and hearings, as it does not appear that inmate Felipe Garcia has an active state bar license, he may not represent Plaintiff in court proceedings. Cal. Bus. & Prof. Code § 6125.

Moreover, the next conference in this case is scheduled in September of 2020. The Court will not appoint limited purpose counsel, or order an institution to allow inmate assistance, for a conference that is over a year away. Plaintiff may renew this motion when the telephonic trial confirmation hearing is less than two months away.

As to Plaintiff's request for assistance during his phone conversations with Defendants, the Court notes that, at this time, Plaintiff is under no obligation to discuss his case with Defendants via telephone.

///
///
///
///
///

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for limited purpose legal assistance (ECF No. 51) is DENIED without prejudice. Plaintiff may renew this motion when the telephonic trial confirmation hearing is less than two months away.

IT IS SO ORDERED.

Dated:  **August 23, 2019**          /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE