UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ROCKY NICKLAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. KOKOR and MS. MATA,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00119-LJO-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>(ECF No. 50) |

Steve Rocky Nicklas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 18, 2019, the Court held an initial scheduling conference. After the conference, the Court issued a scheduling order. (ECF No. 46). Given Plaintiff's allegations that he could not read or write, and could not obtain any assistance to prepare discovery or responses, and after substantial discussion with the parties about the best way to proceed, the Court declined to open discovery generally. (ECF No. 46, p. 2). Instead, the Court issued certain orders that relevant documents be produced without any further discovery requests, allowed Defendants to depose Plaintiff, but otherwise left discovery closed. (Id.). Plaintiff did not object to this limitation. Indeed, discovery was so limited based on Plaintiff's own representations that he could not meaningfully participate in discovery.

On August 15, 2019, Defendants filed a motion for a protective order. (ECF No. 50).

According to Defendants, despite the Court's order limiting discovery, and "[d]espite repeated indications at the Scheduling Conference that he had everything he needed to litigate the case," Plaintiff "served Defendants with more than thirty discovery requests (including subparts)." (ECF No. 50-1, p. 1). Defendants ask for "a protective order limiting Defendants' obligations to respond to any outstanding discovery until Plaintiff requests leave to propound discovery or explains his contradictory assertions from the Scheduling Conference." (Id.).

Plaintiff filed his opposition to the motion on September 3, 2019. (ECF No. 54). Plaintiff argues that he is entitled to discovery under the Federal Rules of Civil Procedure, that Defendants' motion was filed in bad faith, and that Defendants are seeking to hinder him from obtaining relevant evidence.

Plaintiff's opposition ignores what he said at the scheduling conference and the Court's order limiting discovery. Again, the Court limited discovery entirely based on Plaintiff's assertion that he could not read or write or currently obtain assistance to meaningfully participate in discovery. Based on these representations, the Court made certain orders to ensure that relevant discovery was provided without further discovery requests. The Court then limited both Plaintiff's and Defendants' ability to take discovery without a further order. Plaintiff did not object to this limitation at the scheduling conference.

As Plaintiff does not address the assertions he made at the scheduling conference or the Court's order limiting discovery, the Court will grant Defendants' motion for a protective order, so that Defendants do not need to respond to any discovery requests at this time. While the Court is glad to see that Plaintiff in fact does have the ability to fully participate in this case, as demonstrated by Plaintiff's thorough written discovery requests, Plaintiff's discovery still violates the Court's order. Moreover, Defendants have refrained from taking discovery on Plaintiff in reliance on that order.

However, the Court will allow Plaintiff to file a motion to open discovery generally. If Plaintiff chooses to file such a motion, he should explain how his circumstances have changed from what he alleged at the scheduling conference, and why discovery should be opened generally. If Plaintiff files a motion to open discovery and it is granted, Defendants will have

forty-five days from the date of service of the order granting the motion to respond to Plaintiff's discovery requests.

The Court notes that if discovery is opened generally, Plaintiff will have to respond to discovery requests he receives from Defendants. Additionally, deadlines may need to be extended.

Based on the foregoing, IT IS ORDERED that:

1. Defendants' motion for a protective order is GRANTED. Defendants do not need to respond to any discovery requests from Plaintiff at this time.
2. Plaintiff has forty-five days from the date of service of this order to file a motion to open discovery generally. If Plaintiff files this motion and it is granted, Defendants have forty-five days from the date of service of the order granting the motion to respond to the discovery requests that defense counsel received on August 5, 2019.

IT IS SO ORDERED.

Dated: **September 20, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE