UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ROCKY NICKLAS,<br><br>    Plaintiff,<br><br>    v.<br><br>W. KOKOR and MS. MATA,<br><br>    Defendants. | Case No. 1:18-cv-00119-LJO-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO OPEN DISCOVERY GENERALLY AND DENYING PLAINTIFF'S REQUEST FOR SANCTIONS AND REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF Nos. 57 & 60) |

Steve Rocky Nicklas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 30, 2019, Plaintiff filed a motion for leave to file a surreply and for leave to conduct discovery (ECF No. 57), which the Court construed as a motion to open discovery generally. On October 7, 2019, Defendants filed their opposition to the motion. (ECF No. 59). On that same day Plaintiff filed another motion to open discovery generally. (ECF No. 60). Plaintiff's motions are now before the Court.[1]

"On July 18, 2019, the Court held an initial scheduling conference. After the

---

[1] The Court previously noted that it would "defer ruling on Plaintiff's motions to open discovery (ECF Nos. 57 and 60 ) until the Court resolves Defendants' motion for terminating sanctions." (ECF No. 62). As the Court has issued findings and recommendations, recommending that Defendants' motion for terminating sanctions be denied (ECF No. 66), the Court will now address Plaintiff's motions.

1

conference, the Court issued a scheduling order. (ECF No. 46). Given Plaintiff's allegations that he could not read or write, and could not obtain any assistance to prepare discovery or responses, and after substantial discussion with the parties about the best way to proceed, the Court declined to open discovery generally. (ECF No. 46, p. 2). Instead, the Court issued certain orders that relevant documents be produced without any further discovery requests, allowed Defendants to depose Plaintiff, but otherwise left discovery closed. (Id.). Plaintiff did not object to this limitation. Indeed, discovery was so limited based on Plaintiff's own representations that he could not meaningfully participate in discovery." (ECF No. 56, p. 1).

In Plaintiff's motions, Plaintiff asserts that, with the assistance he is now getting from an inmate, he is able to participate in discovery. (See, e.g., ECF No. 57, pgs. 4 & 6). Given this assertion,[2] and given that the Court limited discovery based on Plaintiff's representations that he could not meaningfully participate in discovery, the Court will open discovery generally. The Court notes that Plaintiff did not delay in requesting discovery, and in fact attempted to take discovery almost immediately after the scheduling conference.

As the Court is opening discovery generally, Defendants have forty-five days from the date of service of this order to respond to the discovery requests that defense counsel received on August 5, 2019. (ECF No. 56, p. 3).

As to the request for sanctions included in Plaintiff's second motion to open discovery generally (ECF No. 60), it will be denied. Plaintiff has submitted no evidence that defense counsel violated the order issued on July 19, 2019. Contrary to the assertion in Plaintiff's motion, the Court did not order defense counsel to produce "all relevant documental evidence whether incriminating or exonorating [sic] of their clients."

As to the request for appointment of pro bono counsel included in Plaintiff's second motion to open discovery generally (id. at 7), it will be denied without prejudice for the reasons described in the Court's prior order denying Plaintiff's request for appointment of pro bono

---

[2] Based on Plaintiff's recent filings, it appears that this assertion is true and that Plaintiff has the ability to fully participate in this case.

2

counsel (ECF No. 66, pgs. 8-9).

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motions to open discovery generally are GRANTED. An amended scheduling order that, among other things, opens discovery generally, will be issued in due course.
2. Defendants have forty-five days from the date of service of this order to respond to the discovery requests that defense counsel received on August 5, 2019.
3. Plaintiff's request for sanctions is DENIED.
4. Plaintiff's request for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 26, 2019**

/s/ *Eric P. Gros[in]*

UNITED STATES MAGISTRATE JUDGE