1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVE ROCKY NICKLAS,<br><br>Plaintiff,<br><br>v.<br><br>W. KOKOR and MS. MATA,<br><br>Defendants. | Case No. 1:18-cv-00119-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT: 1) PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE GRANTED; 2) THIS CASE PROCEED ON PLAINTIFF'S CLAIM AGAINST DEFENDANT MATA FOR FAILURE TO PROTECT IN VIOLATION OF THE EIGHTH AMENDMENT, AND ON HIS CLAIMS AGAINST DEFENDANT KOKOR FOR SEXUAL ASSAULT IN VIOLATION OF THE EIGHTH AMENDMENT, EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT, DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT, AND RETALIATION IN VIOLATION OF THE FIRST AMENDMENT; AND 3) ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DENYING MISCELLANEOUS REQUESTS<br><br>(ECF NOS. 47 & 52) |
|---|---|

Steve Rocky Nicklas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently proceeding "on Plaintiff's claim against Defendant Mata for failure to protect in violation of the

1

Eighth Amendment, and his claims against Defendant Kokor for sexual assault in violation of the Eighth Amendment, deliberate indifference to serious medical needs in violation of the Eighth Amendment, and for retaliation in violation of the First Amendment." (ECF No. 12, p. 9).

On July 30, 2019, Plaintiff filed a motion for leave to amend his complaint, along with a copy of the proposed amended complaint. (ECF Nos. 47 & 48). On August 12, 2019, Defendants filed their opposition to the motion. (ECF No. 49). On August 21, 2019, Plaintiff filed his reply. (ECF No. 52). Plaintiff included various requests for relief in his reply.

For the reasons described below, the Court recommends that Plaintiff's motion for leave to amend be granted; that this case proceed on Plaintiff's claim against Defendant Mata for failure to protect in violation of the Eighth Amendment, and on his claims against Defendant Kokor for sexual assault in violation of the Eighth Amendment, excessive force in violation of the Eighth Amendment, deliberate indifference to serious medical needs in violation of the Eighth Amendment, and retaliation in violation of the First Amendment; and that all other claims and defendants be dismissed.

## I. PLAINTIFF'S MISCELLANEOUS REQUESTS FOR RELIEF[1]

In his motion for leave to amend, Plaintiff asks the Court to order Defendants to identify the Doe Defendants. The Court will deny this request because it is not the appropriate way to request this information. If Plaintiff wants discovery from Defendants, he should first serve a discovery request on Defendants. If Defendants are unable to provide the requested information, Plaintiff may file a motion for a third party subpoena, as explained in the Court's scheduling order. (See ECF No. 69, p. 4).

Plaintiff makes four additional requests in his reply. First, Plaintiff "suggests" that a "meet and confer" hearing be set regarding Plaintiff's proposed amendments. Given that the Court is recommending that Plaintiff's motion to amend be granted, this request will be denied.

Second, Plaintiff requests that Felipe Garcia be permitted to assist him in any/all future conferences related to this case. Plaintiff previously made this request (ECF No. 51), it was

---

[1] The Court notes that, going forward, Plaintiff should not include miscellaneous requests for relief throughout his motions and replies.

denied (ECF No. 53), and it will be denied again. As the Court noted in the order denying Plaintiff's previous request, Plaintiff may renew this request "when the telephonic trial confirmation hearing is less than two months away." (Id. at 2).

Third, Plaintiff attaches an exhibit, and requests that the Court take judicial notice of it. As the exhibit does not appear to be relevant to the motion currently before the Court, the Court will deny Plaintiff's request for judicial notice.

Finally, Plaintiff requests a copy of his original complaint. However, Plaintiff does not explain why he needs a copy of the original complaint. Therefore, Plaintiff's request will be denied.

## II. PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff brought this action against primary care physician W. Kokor and medical employee M. Mata. Plaintiff alleges that Defendant Dr. Kokor sexually assaulted Plaintiff during a rectal examination on May 5, 2017, at or about 12:45 P.M., in the presence of Defendant Mata. It appears that the events described in the complaint took place at Substance Abuse Treatment Facility ("SATF") in Corcoran, California.

Plaintiff's neurosurgeon scheduled an appointment for Plaintiff to see Defendant Kokor on May 5, 2017. On the day of the appointment, Defendant Kokor summoned Plaintiff into his office, told him to pull his pants down, and called Defendant Mata in, who commented, "I already know," and proceeded to laugh with Defendant Kokor. Plaintiff further alleges that Defendant Kokor "stuck his finger in [Plaintiff's] rectum in a very vicious manner…." Plaintiff told Defendant Kokor to get off of him and Defendant Kokor "backed up and said, 'I have to examine you' and started to apologize." Defendant Kokor proceeded to administer a second rectal exam. Plaintiff alleges that in the second exam, Defendant Kokor "moved his finger back and forth viciously, and it felt to [Plaintiff] like more than one finger." Plaintiff told Defendant Kokor to get off of him and proceeded to get dressed. In response, Defendant Kokor asked Plaintiff to hand over his mobility vest, which Plaintiff relied on following lower spine surgery. Five months after the alleged sexual assault, Plaintiff learned that Defendant Kokor also took away his lower tier chrono.

The Court screened Plaintiff's complaint, and ordered that this case proceed "on Plaintiff's claim against Defendant Mata for failure to protect in violation of the Eighth Amendment, and his claims against Defendant Kokor for sexual assault in violation of the Eighth Amendment, deliberate indifference to serious medical needs in violation of the Eighth Amendment, and for retaliation in violation of the First Amendment." (ECF No. 12, p. 9).

## III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

### a. Plaintiff's Position

Plaintiff alleges that he cannot read or write, and that he has no legal knowledge. (ECF No. 47, p. 1). An inmate was assisting him, but that inmate was transferred to a different facility. (Id.). A different inmate is now assisting Plaintiff. (Id. at 2). This inmate has "some" legal experience. (Id.).

Plaintiff states that he needs to amend his complaint because it clearly "misses critical facts that are relevant." (Id. at 1). Plaintiff seeks to add claims against two correctional officers, a correctional sergeant, and a correctional lieutenant. (Id. at 2). The correctional officers were personally involved in the allegations and were required to write incident reports. (Id. at 1-2). The correctional sergeant and correctional lieutenant disregarded Plaintiff's request for assistance to report the incident. (Id. at 2).

### b. Defendants' Position

Defendants argue that leave to amend should be denied because the request for amendment was made in bad faith. (ECF No. 49, p. 3). "Most notably, there is no explanation from Plaintiff as to why new facts are being raised more than eighteen months after the filing of the operative complaint. There has been no showing of diligence, or investigative measures taken by Plaintiff, that would explain why these new allegations and defendants are coming to light. Simply stated, the parties['] respective version of the events has not changed. And, Plaintiff has failed to provide the Court with a valid explanation as to why these new claims could not have been pled eighteen months ago." (Id.).

Additionally, Defendants argue that allowing Plaintiff to amend his complaint would prejudice Defendants. (Id. at 4). "The proposed amended complaint would add four DOE

4

officers and new claims against Dr. Kokor and Nurse Mata.  However, Defendants have already investigated and participated in initial disclosures for Plaintiff's current claims, and filed an answer in accordance with those allegations.  To allow Plaintiff to amend his complaint—with allegations he was aware of at the time he initially filed his complaint—forces Defendants to restart their investigation and research into Plaintiff's new claims.  Furthermore, Defendants would have to move the Court to amend the current scheduling order and object to the current scheduling order which prevents Defendants from propounding any written discovery without leave of court.  In sum, granting amendment stalls these proceedings indefinitely and prejudices Defendants." (Id.).

Finally, Defendants argue that the proposed amendments are futile.  (Id.).  "Defendants Kokor and Mata answered Plaintiff's complaint and are still determining whether an exhaustion defense for the currently-identified claims is viable.  However, there has been no showing that an appeal against the DOE officers or an appeal for these new facts has been submitted to the institution in any manner." (Id.).  "[I]n all likelihood, Plaintiff's proposed amendment would be subject to an exhaustion defense, and months down the line, the parties would be back litigating the *same* claims that Plaintiff previously raised.  Adding unexhausted claims to this litigation is simply futile." (Id.) (emphasis in original).

"Plaintiff's Doe pleading for the officers' alleged misconduct is also futile.  As a general rule, Doe pleading is improper in federal court." (Id. at 5).

"Lastly, Plaintiff's state-law claims of negligence and malpractice require compliance with the Government Claims Act.  Presentation of a written claim, and action on, or rejection of the claim are conditions precedent to suit.  Thus, Plaintiff's new claims concerning malpractice and negligence would be subject to dismissal for failure to comply with the Government Claims Act.  Accordingly, permitting amendment for these claims would be futile and this factor weighs against amendment." (Id.) (citations omitted).

   c. Legal Standards for Amendment

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  Morongo Band of Mission

5

Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). See also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted). See also Waldrip, 548 F.3d at 732. "[T]he consideration of prejudice to the opposing party [] carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

        d. <u>Analysis</u>

The Court will recommend that Plaintiff's motion for leave to amend be granted. There is no indication that Plaintiff filed his motion in bad faith. Plaintiff has alleged that he cannot read or write, and that he is now receiving assistance from an inmate who has legal experience. This appears to explain why Plaintiff is now attempting to amend his complaint, and Defendants have not submitted any evidence suggesting Plaintiff's explanation is inaccurate.

Additionally, it does not appear that amendment would prejudice Defendants. Plaintiff's motion for leave to amend was filed less than two weeks after the scheduling conference was held. Moreover, in screening Plaintiff's amended complaint, the Court will recommend that Plaintiff only be allowed to add one claim against Defendant Kokor, which is based on the same allegations that are already proceeding in this case. Thus, there appears to be little to no prejudice to Defendants.[2]

As to Defendants' argument that it would be futile to allow Plaintiff to add Doe Defendants and state law claims, for the reasons described below, Defendants are correct. However, as Plaintiff has stated an additional claim that should proceed past screening, the Court recommends granting Plaintiff's motion for leave to amend but screening out the state law claims and the claims against the Doe Defendants.

Based on the foregoing, the Court will recommend that Plaintiff's motion for leave to amend be granted, but that only certain claims be allowed to proceed, as described below.

---

[2] To the extent Defendants believe that they need to conduct additional discovery based on the facts alleged in the amended complaint, they may file an appropriate motion.

6

## IV. SCREENING OF AMENDED COMPLAINT

   a. <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 11), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u> at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. <u>Iqbal</u>, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after <u>Iqbal</u>).

   b. <u>Summary of Plaintiff's Amended Complaint</u>

On May 5, 2017, Plaintiff was scheduled for a medical appointment at the Facility "E"

PCP clinic at 12:30 A.M. The appointment was set by a neurosurgeon to follow up and evaluate Plaintiff's incontinence after a surgical procedure performed on April 13, 2016.

Plaintiff arrived at "E" yard PCP and proceeded to turn over his prison identification card and inmate priority pass to Defendant correctional officers John Doe 3 and John Doe 4, who were assigned to post at "E" yard PCP clinic. Plaintiff was ordered into a holding cell.

Approximately one hour later, Plaintiff was escorted into an examination room. Defendant Dr. Kokor[3] asked Plaintiff to remove his pants, drop his boxers, and face the wall. As Plaintiff walked towards the wall, Defendant LVN Mata was called. Defendant Mata "stated with a burlesque tone 'I already know[,]' and laughed."

While Plaintiff was bent over a bed facing the wall, Defendant Kokor put on latex gloves and, without warning or lubrication, stuck two fingers into Plaintiff's rectum in a very violent and vicious manner. Plaintiff yelled at him to stop, and asked him to explain what he was doing. Defendant Kokor answered with an apology, and in a nervous tone informed Plaintiff that the neurosurgeon had ordered an anal exam. Defendant Kokor then again stuck two fingers into Plaintiff's rectum, with such force that it caused extreme pain.

Plaintiff got off the table and yelled "get the fuck off me!!" At that time Defendant Mata ran outside and summoned Defendants John Doe 3 and John Doe 4. Plaintiff complained about the use of force and vicious sexual assault, and notified Defendant Kokor of legal action and a staff complaint. Defendant Kokor threatened to take Plaintiff's mobility vest and cane once Plaintiff told him a staff complaint would be filed to report the sexual assault and medical negligence.

Then, Defendants John Doe 3 and John Doe 4 walked in to the examination room, and Defendant Kokor stated in a loud voice "this meeting is over." Defendant Kokor ordered Plaintiff to turn over his mobility vest and cane, which were assigned to Plaintiff due to complications after spinal surgery on April 13, 2016. Defendant Kokor also deleted the "durable medical equipment" from SOMS (offender details), canceled Plaintiff's accommodation chronos for a

---

[3] It is unclear why, but in his proposed amended complaint, Plaintiff refers to Defendant Kokor as "Koker." The Court will continue to refer to this defendant as Defendant Kokor.

mobility vest and a cane, and removed Plaintiff's housing restrictions for ground floor (limited stairs) and lower/bottom bunk only.

Defendant Kokor did not follow established medical procedures in conducting the examination. The procedure requires the doctor to put one lubricated and gloved finger into the rectum of a patient.

On May 6, 2017, after breakfast, Plaintiff approached Defendant John Doe 2, who was the assigned yard sergeant. John Doe 1, a correctional lieutenant, was also present. Plaintiff informed these defendants about the incident with Defendants Kokor and Mata. Plaintiff asked for assistance to report the incident, due to his documented disabilities. Both of these defendants stated that they could not help Plaintiff and ordered him to return to his housing unit.

During morning day room, Plaintiff sought assistance from inmates. Plaintiff explained what happened during the examination, and inmates assisted him in preparing and submitting a staff complaint.

      c. <u>Analysis of Plaintiff's Claims</u>

          *i. Sexual Assault*

Sexual harassment or abuse of an inmate by a corrections employee is a violation of the Eighth Amendment. <u>Wood v. Beauclair</u>, 692 F.3d 1041, 1045-46 (9th Cir. 2012) (citing <u>Schwenk v. Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000)) ("In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse...."). "[S]exual contact between a prisoner and a prison [employee] serves no legitimate role and is simply not part of the penalty that criminal offenders pay for their offenses against society. Where there is no legitimate penological purpose for a prison official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" <u>Wood</u>, 692 F.3d at 1050-51 (quoting <u>Giron v. Corr. Corp. of Am.</u>, 191 F.3d 1281, 1290 (10th Cir. 1999)). Even sexual contact that is not violent and leaves no physical injury is presumed unlawful when committed with malicious and sadistic intent. <u>Id.</u>

Plaintiff alleged that, during a rectal exam, Defendant Kokor stuck two fingers into Plaintiff's rectum, without lubrication, and in a violent and vicious manner. Defendant Kokor

apologized, but then again stuck two fingers into Plaintiff's rectum with such force that it caused extreme pain.

The Court finds that Plaintiff's allegations are sufficient to allow his claim against Defendant Kokor for sexual assault in violation of the Eighth Amendment to proceed past screening.

### ii. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

Plaintiff alleges that, during a rectal exam, Defendant Kokor stuck two fingers into Plaintiff's rectum, without lubrication, and in a violent and vicious manner. Defendant Kokor apologized, but then again stuck two fingers into Plaintiff's rectum, with such force that it caused extreme pain. Additionally, Plaintiff alleges that, according to established procedures, Defendant Kokor was only supposed to insert one finger, and was supposed to use lubrication.

The Court finds that Plaintiff has sufficiently alleged that Defendant Kokor used force maliciously and sadistically to cause harm. Thus, Plaintiff's claim against Defendant Kokor for

excessive force in violation of the Eighth Amendment should proceed past screening.

### iii. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff

must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that, after he complained about the vicious assault and notified Defendant Kokor of legal action and a staff complaint, Defendant Kokor threatened to take Plaintiff's mobility vest and cane (which were assigned to Plaintiff due to complications after a spinal surgery). Defendant Kokor then took his mobility vest and cane. Defendant Kokor also deleted the "durable medical equipment" from SOMS (offender details), canceled Plaintiff's accommodation chronos for a mobility vest and a cane, and removed Plaintiff's housing restrictions for ground floor (limited stairs) and lower/bottom bunk only.

Plaintiff has sufficiently alleged that Defendant Kokor took necessary medical accommodations from Plaintiff not for medical reasons, but in retaliation for Plaintiff's actions. Accordingly, the Court finds that Plaintiff's claim against Defendant Kokor for deliberate indifference to serious medical needs in violation of the Eighth Amendment should proceed past screening.

However, the Court also finds that Plaintiff failed to state a claim for deliberate indifference to serious medical needs against any other defendant. Based on Plaintiff's allegations, it appears that only Defendant Kokor was responsible for taking necessary medical accommodations from Plaintiff.

*iv. Failure to Protect*

To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'"

Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Plaintiff alleges that Defendant Mata was present in the medical examination room during the assault by Defendant Kokor. Despite being present when assault was occurring, Defendant Mata did not do anything to protect Plaintiff from the assault.

The Court finds that these allegations are sufficient to allow Plaintiff's failure to protect claim against Defendant Mata to proceed past screening.

However, the Court also finds that Plaintiff failed to state a failure to protect claim against any other defendant. Plaintiff alleges that Defendant John Doe 1, Defendant John Doe 2, Defendant John Doe 3, and Defendant John Doe 4 failed to promptly report the incident. However, this alone is not sufficient to establish a failure to protect claim. As described above, Plaintiff must sufficiently allege that these defendants knew of and disregarded an excessive risk to Plaintiff's safety. Here, the alleged assault was over by the time these four defendants got involved, and there are no allegations suggesting that Plaintiff was at risk of being assaulted again. Accordingly, Plaintiff has failed to state a claim against these defendants for failure to protect. Plaintiff's failure to protect claim against Defendant Mata based solely on her failure to report does not state a cognizable claim for the same reason.

*v. Retaliation*

A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is

impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Plaintiff alleges that, after he complained about the vicious assault and notified Defendant Kokor of legal action and a staff complaint, Defendant Kokor threatened to take Plaintiff's mobility vest and cane (which were assigned to Plaintiff due to complications after a spinal surgery). Defendant Kokor then took his mobility vest and cane. Defendant Kokor also deleted the "durable medical equipment" from SOMS (offender details), canceled Plaintiff's accommodation chronos for a mobility vest and a cane, and removed Plaintiff's housing restrictions for ground floor (limited stairs) and lower/bottom bunk only.

The Court finds that Plaintiff's allegations are sufficient to allow his claim against Defendant Kokor for retaliation in violation of the First Amendment to proceed past screening.

### vi. Fourteenth Amendment

Plaintiff's Fourteenth Amendment claim fails because it violates Federal Rule of Civil Procedure 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (internal quotation marks and citation omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.

Plaintiff states that he is bringing a claim against all Defendants under the Fourteenth Amendment, and proceeds to list regulations, laws, and constitutional amendments that he believes were violated. This does not satisfy Rule 8. Plaintiff does not explain how the facts alleged relate to any of the listed regulations, laws, or constitutional amendments, or how the violation of these regulations, laws, and constitutional amendments violated his Fourteenth Amendment rights. There are also no allegations that demonstrate that each defendant is

responsible for the alleged violations.[4]

   *vii. State Law Claims*

California's Government Claims Act[5] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff brings state law claims, including a negligence claim and a medical malpractice. However, Plaintiff failed to allege compliance with California's Government Claims Act. Therefore, the Court finds that Plaintiff has failed to state any cognizable state law claims.

**V.   RECOMMENDATION AND ORDER**

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for leave to amend be GRANTED;
2. The Clerk of Court be directed to file Plaintiff's proposed amended complaint;
3. This case proceed on Plaintiff's claim against Defendant Mata for failure to protect in violation of the Eighth Amendment, and on his claims against Defendant Kokor for sexual assault in violation of the Eighth Amendment, excessive force in violation of the Eighth Amendment, deliberate indifference to serious medical needs in violation of the Eighth Amendment, and retaliation in violation of the

---

[4] A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

[5] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

15

First Amendment;

    4. All other claims and defendants be DISMISSED; and

    5. Defendants be given twenty-one days to file a responsive pleading to the amended
       complaint.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

     Additionally, IT IS ORDERED that:

    1. Plaintiff's request for the Court to order Defendants to identify the Doe
       Defendants is DENIED;

    2. Plaintiff's request for a meet and confer hearing is DENIED;

    3. Plaintiff's request that Felipe Garcia be permitted to assist him in any/all future
       conferences related to this case is DENIED, without prejudice;

    4. Plaintiff's request for judicial notice is DENIED; and

    5. Plaintiff's request for a copy of his original complaint is DENIED.

IT IS SO ORDERED.

Dated: **January 31, 2020**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE

16